THE STATE OF OHIO, APPELLANT, *v.* CARGILE, APPELLEE.

[Cite as *State v. Cargile,* 121 Ohio St.3d 1208, 2009-Ohio-477.]

(No. 2008–1452—Submitted January 13, 2009—Decided February 10, 2009.)

———————

{¶ 1} The discretionary appeal in this case was accepted on December 3, 2008. 120 Ohio St.3d 1415, 2008–Ohio–6166, 897 N.E.2d 651.

{¶ 2} On December 12, 2008, the Ohio Public Defender filed a motion to strike the state's notice of appeal and dismiss the appeal because of the state's failure to serve the notice of appeal on the Ohio Public Defender as required by S.Ct. Prac.R. XIV(2)(A)(3), which provides as follows: "In a case involving a felony, when a county prosecutor files a notice of appeal under S.Ct.Prac.R. II or an order certifying a conflict under S.Ct.Prac.R. IV, the county prosecutor shall also serve a copy of the notice or order on the Ohio Public Defender." The Ohio Public Defender asserts that the failure of county prosecutors to comply with S.Ct.Prac.R. XIV(2)(A)(3) is a recurring problem that interferes with its ability to fully discharge its responsibilities. The state filed a memorandum in opposition to the motion to dismiss.

{¶ 3} We note that there was an unquestioned failure by the Cuyahoga County Prosecuting Attorney to comply with the requirements of S.Ct.Prac.R. XIV(2)(A)(3) in this case. We further note that it should not be the responsibility of the Ohio Public Defender to monitor compliance with the rule by county prosecuting attorneys. Rather, county prosecuting attorneys have a clear duty to comply with S.Ct.Prac.R. XIV(2)(A)(3). Compliance is not optional.

{¶ 4} County prosecuting attorneys and their staffs are on notice that failure to comply with the requirements of S.Ct.Prac.R. XIV(2)(A)(3) in the future may result in the dismissal of a notice of appeal or a notice of order certifying a conflict or other appropriate sanctions.

{¶ 5} We deny the motion to dismiss in this case. However, the Cuyahoga County Prosecuting Attorney is ordered to serve the notice of appeal on the Ohio Public Defender and to notify this court of the date of such service. The Ohio Public Defender may file an amicus brief in support of appellee within the time

allowed by rule or within 30 days of the date of service of the notice, whichever is later.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Melissa M. Prendergast, Assistant Public Defender, for amicus curiae, Ohio Public Defender.